2/22/2021 1:57 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 50773759
By: Lisa Thomas
Filed: 2/22/2021 1:57 PM

2021-09856 / Court: 333

CAUSE NO. _____

| | | |
|---|---|---|
| **ANDREA HUERTA** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | **\_\_\_\_ JUDICIAL DISTRICT** |
| | § | |
| **WALMART INC. AND JOHN DOE** | § | |
| *Defendants.* | § | **HARRIS COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW**, ANDREA HUERTA, hereinafter called Plaintiff, complaining of and about WALMART INC. and JOHN DOE, hereinafter called Defendants, and for cause of action show unto the Court the following:

### I. DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level II.

### II. PARTIES AND SERVICE

2. Plaintiff, ANDREA HUERTA, is an Individual whose address is 4106 Lake Falls Court, Houston, TX 77059.

3. Defendant, WALMART INC., is a business entity, and is authorized to do business in the state of Texas. It may be served with process by serving its registered agent, C. T. Corporation System, at the following address: 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136. Service of said Defendant can be effected by personal delivery.

4. Defendant, JOHN DOE, is an unknown individual who was employed by Defendant WALMART INC. at the time of the accident made the basis of this suit.

### III. JURISDICTION AND VENUE

5. The subject matter in controversy is within the jurisdictional limits of this court.

6. This court has jurisdiction over Defendant WALMART INC., because it

**EXHIBIT B**

purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

7.  Plaintiff would show that Defendant had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendant.

8.  Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendant to the state of Texas, thereby conferring specific jurisdiction with respect to said Defendants.

9.  This court has jurisdiction over the Defendant JOHN DOE because Defendant is a Texas resident.

10. Venue in Harris County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## IV. FACTS

11. On or about March 1, 2020, ANDREA HUERTA was walking in Walmart when improperly secured equipment fell off of a shelf and on to her, causing her injuries. This happened inside the Walmart located at 150 W. El Dorado Blvd., Friendswood, TX 77546. As a result, ANDREA HUERTA suffered serious bodily injuries.

12. At the time of the incident, Plaintiff was an invitee on the property. The property is owned, controlled, and/or managed by Defendant WALMART INC. Plaintiff received no warnings prior to the incident and was without fault. Plaintiff did not contribute to the incident in question. Plaintiff's injuries were proximately caused by the equipment which was under the control of Defendants and/or Defendant's agents, servants, employees and/or representatives,

and/or individuals under the direction, control, or management of Defendant.

## V. PLAINTIFF'S CLAIM OF PREMISES LIABILITY AGAINST DEFENDANT WALMART INC.

13. At all times mentioned herein, Defendant WALMART INC. owed duties to Plaintiff, including but not limited to the following and, by various acts and omissions, breached these duties, each of which singularly or in combination, was a proximate cause of the occurrence in question and Plaintiff's injuries:

A. In failing to maintain the pathways of the pedestrian in a reasonably safe manner;

B. In failing to warn ANDREA HUERTA of the dangerous condition;

C. In permitting the pathway to remain in its dangerous state;

D. In failing to make the dangerous condition safe;

E. In failing to properly train, supervise, manage, and control its employees or agents responsible for the walkways;

F. In failing to properly supervise its employees;

G. In failing to provide ANDREA HUERTA a safe place in which to walk; and

H. In failing to properly and timely inspect the area.

14. At the time of the incident in question, Plaintiff was an invitee in the Defendant's premises. Plaintiff, ANDREA HUERTA, entered the premises of WALMART INC. with express or implied knowledge for the parties' mutual benefit because she was a customer of the store.

15. At the time of the incident in question, Defendant and its agents, servants, employees and/or representatives, managed, possessed, and/or controlled, the premises in question where the incident took place. Defendant owed a duty to Plaintiff to prevent a foreseeable risk of injury and assumed a duty to provide safe premises. Defendant knew or should have known of the dangerous condition, taken corrective action in a timely manner and provided proper notice to

EXHIBIT B

employees and customers frequenting the area. Defendant failed to do so. Defendant's failure to exercise reasonable care proximately caused the incident in question and the resulting damages.

### VI. PLAINTIFF'S CLAIM OF PREMISES LIABILITY AGAINST DEFENDANT JOHN DOE

16. At all times mentioned herein, Defendant JOHN DOE owed duties to Plaintiff, including but not limited to the following and, by various acts and omissions, breached these duties, each of which singularly or in combination, was a proximate cause of the occurrence in question and Plaintiff's injuries:

   I. In failing to maintain the pathways of the pedestrian in a reasonably safe manner;

   J. In failing to warn ANDREA HUERTA of the dangerous condition;

   K. In permitting the pathway to remain in its dangerous state;

   L. In failing to make the dangerous condition safe;

   M. In failing to properly train, supervise, manage, and control its employees or agents responsible for the walkways;

   N. In failing to properly supervise its employees;

   O. In failing to provide ANDREA HUERTA a safe place in which to walk; and

   P. In failing to properly and timely inspect the area.

17. At the time of the incident in question, Plaintiff was an invitee in the Defendant's premises. Plaintiff, ANDREA HUERTA, entered the premises managed by JOHN DOE with express or implied knowledge for the parties' mutual benefit because she was a customer of the store.

18. At the time of the incident in question, Defendant and its agents, servants, employees and/or representatives, managed, possessed, and/or controlled, the premises in question where the incident took place. Defendant owed a duty to Plaintiff to prevent a foreseeable risk of

PLAINTIFF'S ORIGINAL PETITION – PG. 4

EXHIBIT B

injury and assumed a duty to provide safe premises. Defendant knew or should have known of the dangerous condition, taken corrective action in a timely manner and provided proper notice to customers frequenting the area. Defendant failed to do so. Defendant's failure to exercise reasonable care proximately caused the incident in question and the resulting damages.

## VII. DAMAGES FOR PLAINTIFF ANDREA HUERTA

19. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff ANDREA HUERTA, was caused to suffer serious bodily injuries, and to incur the following damages for which Plaintiff seeks monetary relief of over $1,000,000.00 but not more than $10,000,000.00:

   A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, ANDREA HUERTA for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in and around Harris County, Texas;

   B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

   C. Physical pain and suffering in the past;

   D. Physical pain and suffering in the future;

   E. Loss of earnings in the past;

   F. Loss of earning capacity which will, in all probability, be incurred in the future;

   G. Loss of Household Services in the past;

   H. Loss of Household Services in the future;

   I. Mental anguish in the past; and

   J. Mental anguish in the future.

## VIII. DEMAND FOR TRIAL BY JURY

20. Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

**EXHIBIT B**

## IX. REQUEST FOR DISCLOSURE

21. Under Texas Rules of Civil Procedure 194, Plaintiff requests that Defendants disclose, within 50 days of the service of this request, the information or material described in rule 194.2.

## X. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, ANDREA HUERTA, respectfully prays that the Defendants, WALMART INC. and JOHN DOE, be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law, post-judgment interest at the legal rate, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

Bergquist Law Firm

By: _____
**Andrew K. Rodriguez**
Texas Bar No. 24116979
1333 West Loop S, Suite 1700
Houston, Texas 77027
Tel. (713) 655-8000
Fax. (713) 739-0000
akr@bergquistlawfirm.com
Attorney for Plaintiff
*ANDREA HUERTA*

**EXHIBIT B**

CAUSE NO. 2021-09856

| | | |
|---|---|---|
| ANDREA HUERTA | * | IN THE DISTRICT COURT OF |
|     Plaintiff | * | |
| | * | |
| VS. | * | HARRIS COUNTY, TEXAS |
| | * | |
| WALMART INC. AND JOHN DOE | * | |
|     Defendants | * | 333RD JUDICIAL DISTRICT |

### ORIGINAL ANSWER AND JURY DEMAND OF DEFENDANT WALMART STORES TEXAS, LLC (INCORRECTLY NAMED AS WALMART INC.)

TO HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant, WALMART STORES TEXAS, LLC (INCORRECTLY NAMED AS WALMART INC.), and file its Original Answer and Jury Demand, and would show the Court the following:

**I.**

**GENERAL DENIAL**

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant asserts a general denial.

**II.**

**JURY DEMAND**

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Defendant demands a jury trial. Defendant is tendering the required fee with its jury demand.

**III.**

**RULE 193.7 NOTICE**

Pursuant to Texas Rules of Civil Procedure 193.7, this will serve as actual notice that Defendant intends to use produced documents/tangible items against Plaintiff in pretrial proceedings and at trial. Accordingly, production of a document(s)/tangible items in response to

**EXHIBIT B**

this Request for Disclosure authenticates the document(s)/tangible items for use against Plaintiff in any pretrial proceeding or at trial unless Plaintiff objects to the authenticity of any produced document(s)/tangible items within the time limits as particularly set out in Texas Rules of Civil Procedure 193.7.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing by reason of this suit herein, and that Defendant goes hence without day and recover its costs.

Respectfully submitted,

MEHAFFY WEBER, P.C.

/s/Karen L. Spivey
KAREN L. SPIVEY
SBN:  18955100
PO Box 16
Beaumont TX 77704-0016
2615 Calder Avenue, Suite 800
Beaumont TX 77702
Ph:     409-835-5011
Fx:     409-835-5177
KarenSpivey@mehaffyweber.com
ATTORNEY FOR DEFENDANT,
WALMART STORES TEXAS, LLC
(INCORRECTLY NAMED AS WALMART INC.)

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendants' Answer has been forwarded to opposing counsel of record by electronic filing, on this 22nd day of June, 2021.

/s/ Karen L. Spivey

KAREN L. SPIVEY

EXHIBIT B